UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT BOSTER,**

    **Plaintiff,**

  v.                                      **Civil Action 2:25-cv-1229**
                                                    **Judge Edmund A. Sargus, Jr.**
                                                    **Magistrate Judge Chelsey M. Vascura**

**FAIRFIELD COUNTY,** *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Robert Boster, sues Fairfield County, its Board of Commissioners, and several of its employees under 42 U.S.C. § 1983 for violation of Plaintiff's First, Fourth, and Fourteenth Amendment rights. Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

I. BACKGROUND

Plaintiff alleges that on October 7, 2025, Plaintiff and his daughter entered the Fairfield County Municipal Court building to serve documents titled "Violation Warning: Denial of Rights Under Color of Law" to nonparties Judge Laura B. Smith and Magistrate Sandra S. Miller. (Compl., ECF No. 1-1.) Plaintiff sought assistance from various individuals, including Defendants Bailiff William Starkey, Sergeant Carl Lape, and Officer Eric Matheny, to witness and/or serve the documents, but they all refused to help. When Plaintiff's daughter attempted to record the interactions, Defendant Matheny "physically interfered with Plaintiff's daughter's recording device [and] attempted to seize her phone." (*Id.* at ¶ 13.) After another unnamed officer "joined in suppressing her recording," Plaintiff intervened and instructed the officer to back away. (Boster Aff. ¶ 7, 9, ECF No. 1-2, PAGEID #15). The officer "responded with hostility and told [Plaintiff] not to return." (*Id.* at ¶ 9.) Plaintiff alleges that he and his daughter were subject to "escalating hostility, threats of arrest, physical intimidation, and unlawful trespass orders, despite remaining peaceful and asserting constitutional rights." (Compl. ¶ 12, ECF No. 1-1.) Finally, Plaintiff "was shoved multiple times by Sergeant Lape and other officers" and "forcibly removed from public property." (*Id.* at ¶ 14.) Plaintiff alleges that Defendant Officer Gasser then "impeded" Plaintiff "from leaving the premises" by "standing in front of Plaintiff's vehicle" and that "Sgt. Lape knocked on my window." (*Id.* at ¶ 14; Boster Aff. ¶ 11, ECF No. 1-2, PAGEID #16.) But "upon seeing [Plaintiff] record, they turned and walked away." (Boster Aff. ¶ 11.)

Plaintiff's Complaint advances claims for violation of his and his daughter's First, Fourth, and Fourteenth Amendment rights. As relief, Plaintiff seeks compensatory and punitive damages, injunctive and declaratory relief, and attorney's fees and costs.

2

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
>     (i) is frivolous or malicious; [or]
>
>     (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

3

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

All of Plaintiff's claims must be dismissed. First, as to his First Amendment claims, Plaintiff cannot assert a claim for violation of his daughter's right to record in public areas. A "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also* 28 U.S.C. § 1654 (parties in federal court may "plead and conduct their own cases

4

personally or by counsel."). Plaintiff therefore lacks standing to bring claims to redress violations of his daughter's constitutional rights. *See Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) ("[A] section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort."). And as to Plaintiff's own First Amendment rights, Plaintiff alleges only that Defendants "interfere[ed] with protected speech." (Compl. ¶ 20, ECF No. 1-1.) Liberally construing this allegation to refer to Defendants' refusal to help Plaintiff serve notices of alleged constitutional violations on judicial officers, the undersigned finds no infringement of Plaintiff's speech. Plaintiff was free to serve the judicial officers in any number of other methods. The Defendants' refusal to personally serve or witness Plaintiff's documents does not, by itself, give rise to a free speech claim. *See, e.g.*, *Consol. Edison Co. of New York v. Pub. Serv. Comm'n of New York*, 447 U.S. 530, 536 (1980) (reasonable restrictions on the time, place, or manner of speech are constitutionally permissible). Accordingly, Plaintiff has failed to state a First Amendment claim.

Plaintiff's Fourth Amendment allegations similarly fail to state a claim. Plaintiff refers to "unlawful seizure," "excessive force," and "retaliatory . . . and unlawful trespass orders to remove Plaintiff from public property and impede his lawful movement." (Compl. ¶ 21, ECF No. 1-1.) But Plaintiff has not alleged a seizure for purposes of the Fourth Amendment, which requires "an intentional acquisition of physical control," *Brower v. Inyo County*, 489 U.S. 593, 596 (1989), or "the use of force *with intent to restrain*." *Torres v. Madrid*, 592 U.S. 306, 309 (2021) (emphasis in original). According to Plaintiff's own allegations (that he was "shoved multiple times" and "forcibly removed from public property"), Defendants were not intending to detain him; on the contrary, they were attempting to have him exit the premises. Nor does the undersigned find Plaintiff's allegation that Officer Gasser merely stood in front of Plaintiff's

5

vehicle to plausibly describe a seizure; nor did any force ensue after Officer Gasser stood in front of Plaintiff's vehicle. Because "[a] seizure must occur before an excessive force claim is cognizable under the Fourth Amendment," *Dunigan v. Noble*, 390 F.3d 486, 492 (6th Cir. 2004), Plaintiff has failed to state a claim for excessive force under the Fourth Amendment.[1]

Further, Plaintiff appears to argue that he cannot have been trespassing at the Municipal Court because the Courthouse is public property, and therefore any forced removal of Plaintiff from the premises must have been unlawful and retaliatory. However, it is not impossible to trespass on public property. *See, e.g.*, *Cleveland v. Dickerson*, 60 N.E.3d 686, 691 (Ohio Ct. App. 2016) ("a criminal trespass can be committed on public land under certain circumstances" and "it is no defense in Ohio that a criminal trespass occurred on public property") (citing Ohio Rev. Code § 2911.21(B)). His allegations, which reflect his repeated attempts to have public employees serve notices of violations on judicial officers—service which the public employees were in no way required to undertake—do not establish that any trespass charges would have been unsupported. Plaintiff has therefore failed to state any claims under the Fourth Amendment.

Plaintiff's Fourteenth Amendment claims under the equal protection and due process clauses also fail. To state an equal protection claim, a plaintiff must allege sufficient facts to raise a plausible inference "that a state actor intentionally discriminated against [him] because of membership in a protected class." *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) (cleaned up), *abrogated in part on other grounds by King v. Harwood*, 853 F.3d 568, 580 n. 4 (6th Cir. 2017); *see also Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000); *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (citing *Village of Arlington Heights v. Metro. Hous.*

---

[1] Although not expressly raised in his Complaint, the undersigned considers below whether Plaintiff has stated an excessive force claim under the Fourteenth Amendment's substantive due process clause.

*Dev. Corp.*, 429 U.S. 252, 255–56 (1995)). Alternatively, Plaintiff may state a "class-of-one" equal protection claim by alleging that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Franks v. Rubitschun*, 312 F. App'x 764, 766 (6th Cir. 2009) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff's allegations make no mention of and raise no plausible inferences as to differential treatment from those similarly situated. He has therefore failed to state an equal protection claim.

  Nor has he stated a procedural due process claim. In *Paratt v. Taylor*, the United States Supreme Court held that the existence of adequate post-deprivation state remedies eliminates any due process claim arising from the negligent deprivation of property. 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986) and *Hudson v. Palmer*, 468 U.S. 517 (1984). The *Hudson* Court extended *Parratt's* application to all § 1983 due process claims involving deprivation of property, regardless of whether the deprivation is negligent or intentional. *Hudson*, 468 U.S. at 533–36. *Cf. Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004) ("If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury."). Following *Parratt* and *Hudson*, the Sixth Circuit held that in a § 1983 case "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1983). The Sixth Circuit later extended this rule to procedural due process claims involving deprivation of a liberty interest. *See Wilson v. Beebe,* 770 F.2d 578 (6th Cir. 1985). When a plaintiff fails to plead inadequacy of state remedies, dismissal for failure to state a claim is appropriate. *See, e.g.*, *Gibbs v. Hopkins*, 10 F.3d 373, 377–78 (6th Cir. 1993) (dismissal of

7

procedural due process claim upheld when the plaintiff had "not pled or shown that [the state] judicial remedies are inadequate . . . ."); *Ruiz v. Fisher*, No. 96-4212, 1998 WL 661139, at *5 (6th Cir. Sept. 2, 1998) (concluding that the plaintiff had failed to state a claim of either intentional or negligent deprivation of property where he had not pled "that state remedies for redressing the wrong [were] inadequate"). Here, Plaintiff has not alleged that available state remedies would not adequately redress his injuries. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses."). Accordingly, Plaintiff has failed to state a Fourteenth Amendment procedural due process claim.

Finally, Plaintiff has failed to state a substantive due process claim for excessive force. Although Plaintiff characterized his excessive force claim as arising under the Fourth Amendment, the Fourteenth Amendment is the appropriate vehicle when Plaintiff was neither an arrestee nor a post-conviction prisoner at the time the force was applied. *See Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010). But to succeed on a Fourteenth Amendment excessive force claim, a plaintiff must allege conduct by a defendant that "shocks the conscience." *Darrah v. City of Oak Park*, 255 F.3d 301, 305–07 (6th Cir. 2001). And in rapidly evolving situations in which government officials lack "opportunity to deliberate various alternatives prior to electing a course of action," "public servants' reflexive actions 'shock the conscience' only if they involved force employed maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline." *Claybrook,* 199 F.3d at 359 (cleaned up). Here, Plaintiff alleges only that he engaged in multiple interactions with multiple Defendants, all of whom rebuffed his requests to witness or serve documents on judicial officials, that he was subject to escalating hostility and told to leave, that he was shoved several times, and that he was

8

forcibly removed from the Courthouse. In other words, his allegations make it at least plausible that Plaintiff was, in fact, trespassing, and that Defendants were justified in removing him from the premises. Such allegations do not rise to the level of "force employed maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline." Plaintiff therefore has failed to state a substantive due process claim for excessive force.

## IV. DISPOSITION

Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. For the reasons above, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE